Good morning, Your Honors. May it please the Court, Judges Duncan, Shedd, Chief Judge Gregory, Ms. Luke Rommel on behalf of Appellant Eddie Neal. I'm here with my colleague, Mr. David Moore, on behalf of Appellant. As our record indicates, Mr. Moore has been involved in this case since its inception. And to Your Honors, if we could distill Appellant's theory of this case in a sentence or two, I think it could be found on Joint Appendix page 9, where Appellant claims appellees knowingly and maliciously crossed known jurisdictional boundaries and pursued a criminal investigation against Appellant based on charges and allegations that were largely fictional. And from the beginning, this investigation was done with such knowledge and without any lawful factual predicate. And this claim that we make, if it's to be reviewed on its face, I believe is objectively viable. So if we're going to interpret this from a motion to dismiss lens or standard or framework It's plausible? I'm sorry. Objectively viable was the phrase with which I was... It states a claim. And of course, that's not what we have here today, but rather a motion for which critically to this appeal was reviewed and ultimately granted pre-discovery. And I think that the timing of this ruling is as fundamental and ultimately as fatal to the District Court's granting of summary judgment as perhaps the underlying bases for reaching that conclusion. The timing is premature. Had we completed an ordinary discovery procedure and the Court reaches its same conclusion perhaps we're having a different discussion. Ultimately, our claim is two-fold and it is somewhat of a figurative overreach. So on one hand you have police officers knowingly crossing boundaries that boundaries by their basic definition are objectively known. So I think it would be fair to conclude that these officers have actual or constructive knowledge of the territory of the municipality or the jurisdiction in which their paid, trained, authorized to lawfully practice. So we have an overreach of breaking of the rules that is objective and undeniable. And then the figurative overreach would be that such is done purposely, maliciously... I'm sorry, and I don't mean to quibble, but I'm having a little trouble following. How can it be malicious if what they had was constructive knowledge? They should have known. That would be two-fold. So our theory, which is set forth on page 009, Joint Appendix, which just sets forth the complaint itself, is that it's a two-fold unlawful arrest. First would be the crossing of the borders. The extra-territorial arrest. I thought you said that was malicious. Right. That would be less so, I think. If it's a constructive knowledge, I think that that would, by its definition, not include some word like malice or something synonymous. That was my point. I couldn't quite understand how those concepts fit together. Thank you. And, Your Honor, even if that did not occur, so even if this arrest occurred within lawful boundaries, our theory, it was nonetheless made without any actual facts. And we used the word fiction quite frequently throughout the complaint and the pleadings that followed. Fiction as to what? Are you making your claim, are you now talking about the jurisdictional argument, or are you talking about the violation of your client's constitutional rights? Which involves the fiction. Your Honor, thank you. I think it's a good question and a fair question. And I think that the second component is largely facts that do not exist. So if you go through the underlying police reports. No, no, no. Answer my question. Is your claim of fiction, I'm trying to understand what your argument is. I haven't been able to understand. Is fiction as to both? How is it fiction as to the jurisdictional claim? Because the officers attempted to resuscitate the lawfulness of the jurisdictional breach based on The unlawfulness of the... Right, so they go outside the jurisdiction. Okay. Right. And pursue the investigation and arrest the pellant. And in the lower court, in the state circuit court, there are legal means that that can be permissible. So it's not fatal per se or on its face. But rather it requires a coordination between city officers, appellees in this case, county sheriff's deputies, or perhaps state officers such as the Maryland State Police. There's a factual premise that's necessary in order to validate the crossing of the border. And our contention is those facts which were used to resuscitate or to validate or to somehow make right the crossing of the boundary were simply not true. I thought the crossing of the boundary and this action in total, they're not really in question. Wasn't that ruled on in the state court? It was. And that was not appealed, correct? No, Your Honor. It was ruled in favor of appellant. And having done some traffic with Heck v. Humphrey doctrine, knowing how often that is fatal to a plaintiff's claim, in this case we have the opposite where we have a judicial... I know. I thought the state court action indicated this was extra-jurisdictional, therefore invalid. The police action. That's correct, Judge. So isn't that where we are in this case? It's where we would like to be, Your Honor. I'm as sort of baffled as Judge Shedd. Why are we arguing about something that the state court decided in your favor? Is that your argument? Because the state court's ruling to appellant validates the claim under Section 1983 that... That's the basis for your claim. Yes, Your Honor. Right. Understood. A basis. Yes. A basis. Because it's, again, we cite two bases, one of which is going outside the known boundaries, and then the second is what we contend is a fabrication, an ulterior motive, a factless arrest, an arrest that's... I want to talk to you about the second component. Yes, Judge. I don't really understand your argument on the first one. Your argument on the first one, I think we understand it, that the court said, and that the government may be stuck with the fact they didn't appeal it, that it was jurisdictional. Maybe a question of was it clearly established that these officers couldn't do what they did in the context of qualified immunity? That may be on the table, but I want to talk about your second claim. And your second claim is a constitutional violation of what? The Fourth Amendment? Yes, Judge. You talk about terms of motivation and intent. I don't think motivation and intent matter if there's a basis for probable cause. Do you agree with me? I think it's an objective standard. Right. I'm saying if there's objective facts to support probable cause, if the officers hated your client, if they despised him, just on a personal level, that doesn't make out a constitutional violation, does it? Well, I would ask, at risk of answering a question with a rhetorical question, if you're saying that... I don't want a rhetorical question. I just want the answer. Right. What the police reports according to appellant do is set up a false narrative for finding a probable cause. So what the federal district court... No, no, no. Stop. Stop right there. Yes, Judge. What factual evidence do we have in the record to indicate that? Factual record? I looked at the appellant's affidavit and I looked at your affidavit. It didn't set out any... I'm having trouble finding facts. What facts do you think it sets out on either a verified complaint, which this complaint isn't verified I don't think, or an affidavit? What are the facts that you set out? In answer to the verification issue, Mr. Neal's affidavit incorporates by reference the allegations of the complaint. Secondly, Your Honor, the pre-discovery granting of a motion for summary judgment disabled appellant to build that factual record, which should be provided within the ordinary scope of discovery. Wait one second, though. I've looked at what's evidence. You don't specifically, for instance, refute that your client was renting the trailer. That's not factually disputed anywhere in this record. What's factually disputed is that what is alleged to have happened did not happen. So we can only say it didn't happen once, and that should be sufficient to say it didn't happen. If you have to bring evidence that it didn't happen, then we'd be asked to... No, no, no. Wait a second. But you have to do something to indicate they're facts, other than just saying they're facts. I think you have to give the court something to operate on. And I'll walk through it and try to, quite frankly, see if I can make the case for you. One thing that I went to was on the search warrant, which preceded the arrest warrant. The search warrant factually is that somebody indicated to the police that your client rented the trailer. Then the police say they went to the landlord and he said, yes, your client paid him, I think, cash, $450 a month. If you want to refute that part, which, by the way, seems sufficient if there's buys at that trailer, even if not including your client, that would be enough for a search warrant on that. That would be probable cause for a search warrant on that trailer, wouldn't it? Just those facts. A buy at the trailer, not including your client and the fact that your client owned that trailer, or just to go to the trailer, wouldn't that be enough for a search warrant? A search warrant. Not if components to that are simply untrue, Your Honor, which we have alleged. But wait, wait, wait. You just said you don't agree with the facts. You don't give any specific facts. My point is, there were facts that were available to you pre-discovery or anything. But you made no effort to do that and you captioned or talked about motivation and intent, which aren't really things that matter in a probable cause case. You cite to another case in which intent and motivation do matter, but intent and motivation, subjective intent and motivation, don't matter in a probable cause case at all. Isn't that the law? No, I would respectfully disagree, Your Honor. And to paraphrase Chief Judge Gregory, they controlled the evidence. The Supreme Court has held, just take my word for this one, that the subjective state of mind of the officers doesn't matter in a probable cause assessment. Is that what you're disagreeing with? No, of course not, Your Honor. And we know full well that qualified immunity is an objective standard. It's what a reasonable officer I wasn't really talking about qualified immunity. I was still with probable cause. And I would agree with you as well, Your Honor. But from if we're going to offer facts that support our position that the representations contained in the affidavits to establish probable cause are false, we should be entitled to an ordinary discovery process in order to get there. And to say that we have the burden of doing so pre-discovery when all we have at our disposal is a criminal case where we receive discovery from the state in response to the narrow issues involved in the criminal case, that's a chilling ability to prove our claim pre-discovery when we set forth under oath that we'd like to obtain evidence that is related to the motives and the conduct, as a matter of fact, of these officers. And I'm out of time. But why does that matter? Why need testimony about the motive of the officers if there's probable cause? Which a judge found. And forgive me, Your Honor, which a judge did not find in the underlying criminal case. No, but the judge found it for the warrants, the federal warrants. That's correct. But ultimately we claim that the arrest was made without a factual predicate for objective probable cause. Okay. I have something to put in the frame and you can maybe address some of it when you come back. I think the question is put to you clearly what the law is. But let me understand. Your case really, I guess your case is, you're saying you have a Franks issue. I assume that is, it's an objective standard but an objective standard, a police officer knows that they cannot take something that never really happened. For example, like a controlled buy. This is just hypothetical. You can't say we had a controlled buy and that was the basis for getting the warrant if that never really happened. And you can't justify it by saying, oh, that's probable cause because a reasonable officer wouldn't do that. Right? So you're basically saying, what part of it didn't happen? Was it never a controlled buy? Was it never a person came to them and said, I know about this person? So I mean, when you analyze it, you've got to disaggregate it. What part of it would destroy even a reasonable officer even believing that there's probable cause? So forget about motive. What part of it is false? Can you help us with that? Yes, Judge, and I'll use my rebuttal time. No, use it now. As it currently exists right now as it stands with the Federal District Courts ruling, it creates a Cartesian circle where you're saying, why would appellees... Are you saying that you don't have the evidence? You allege that there's evidence that things that were said were false? Right. We're saying that on its face, if you were to do a paper an objective paper challenge to the application for probable cause, if you read those words are divine, that there's simply every word in here is true, then you get to the conclusion that there's probable cause. We're saying that those words are untrue. What words? What are the facts? The factual predicate for the finding of probable cause. Just give me one. That appellant sells drugs. What about the part that says factually she talked to him on the side drugs at his home. Is that false? That's also alleged by the appellant to be false and we will continue with that allegation as we stand here today. And we've set forth that both in the complaint and the affidavit that it's simply not true. That appellant was living a lawful quiet, very insular introverted life when the borders were crossed and you have statements set forth to establish probable cause which were untrue. We've set forth under oath that they are untrue. Go to the search warrant. Do you deny that your client was paying rent for that trailer? Do you deny that? $450 a month he was paying rent for that trailer, your honor. Okay, and do you deny that leave your client aside because I don't even know if that's relevant right then but leave your client aside. Do you deny that officers looked at that trailer and had buys at that trailer and caught people there selling drugs in that trailer? Not your client other people. Do you deny that? Appellant denies that and that's set forth in the complaint. No, I'm saying I didn't hear you. Do you deny it? Yes, Judge. You do deny there were drug sales at that trailer. Sales as in plural. I mean if you go back to the beginning of that trailer's history but as pertained to my client to appellant. No, not about your client about the trailer. Do you deny factually that officers observed and made buys or whatever at least one drug buy at that trailer. Do you deny that? Not these two not appellees, Judge. It would be officers perhaps in the appropriate jurisdiction. I didn't say who did it I said they were done. Do you deny that factually? No, Judge. Well then why doesn't why isn't that alone sufficient for a search warrant? Because it's not. Officers observed an allegation, leaving the jurisdictional claim aside for just a second officers saw and investigated and saw at least a drug sale at that trailer. Well, you just said that's enough for a search warrant so why does anything else said in the affidavit matter to the warrant? If it's proper grounds for a search warrant then that application may be completed accurately, truthfully as it relates to the occupants of that trailer. Those have nothing to do with the appellant, Mr. Neal. No, wait one second. We have law on somebody making a misstatement in an application for a warrant. What we normally do, at least in that application, we excise the lie or the untruth or whatever you want to call it and then we assess whether or not there's still enough for probable cause. We do that in motion to suppress a lot not a lot, but we do it. I'm trying to make the same analogy. It seems to me certainly on the motion, I mean on the search warrant at least at least on that, I don't see where there's any constitutional violation of any sort. There may be a state violation of some kind of defamation or slander or false arrest or something like that, but I don't understand how that makes a constitutional violation. Rich, if I could help explain the fact that drugs may or may not or did in fact happen to be sold in a location in the past does not forever authorize a lawful warrant based on that past sale. The sins of the father are not the sins of the son. You have to stop talking when I want to say something. That's an argument over timeliness. Do you make that argument anywhere that the information in the warrant isn't timely? We make the argument that the information of the warrant has nothing to do with Mr. Neal. But my point was I try to set my question up and I think anybody who objectively reads it understands. My question, it excluded Mr. Neal. I was talking about the search warrant as to the activity of that trailer and that is why the search warrant and then if you don't challenge that Mr. Neal owned the trailer, leased it, it seemed to me that that might be probable cause for an arrest warrant. It doesn't mean he did it. It just means probable cause I think. And if that's the case, I don't understand where your argument is. I understand you think the officer didn't tell the truth about other things and maybe they did or didn't but I just don't understand how that is a problem if in fact there's probable cause, which I think quite frankly you seem to admit there's probable cause. I wouldn't go quite so far, Your Honor, but also it's outside of the territory so you have a jurisdictional violation which could be interpreted on its face as a violation of Mr. Neal's 1983 rights and his Fourth Amendment protections from a false arrest. Thank you. Thank you, Judge. I appreciate the question. Thank you so much. Chief Judge Gregory, Judge Schatz, Judge Duncan, may it please the court. John Breeds on behalf of Appalese, Lieutenant Lonnie Lutke, Detective Ralph Oaks, and the City of Crisfield. I'd like to begin just to emphasize the point that the indictment in the circuit court for Somerset County was not dismissed for a lack of probable cause. It was dismissed for the detective's failure to comply fully with the notice requirement imposed by Section 5-802A1 of the Criminal Code. In other words, they did not expressly notify the sheriff in this case. They were working with a deputy sheriff. The deputy sheriff, it's undisputed, notified her supervisor and it was also brought out below that the state's attorney had been advised by the detectives of their investigation. However, the circuit court in applying what it deemed to be a hard law to construe because there's no definition of a sheriff's delegee concluded that the officer's technical notice violation Let me interrupt you, Mr. Breeds. And the judge said as I read that order, that your officer's actions were extra-jurisdictional. Correct? Yes. And the state didn't appeal that in any way? The state did not appeal. Okay. So the fact is, for this case, isn't that what we have in this case, that they did act outside the jurisdiction of state law. Isn't that correct? It is correct. They acted outside of the political boundaries of the city of Princeville. So how do you defend that? Qualified immunity, I take it. Yes, Your Honor. Okay. So you say that it was no law that clearly established they couldn't do it the way they did it. So as far as constitutional violation, it may have been a state law violation, but as far as a constitutional violation, there was no clear law. It wasn't clearly established. And in doing that, that which you accept by no appeal on what the decision was in state court, you still say qualified immunity. Is that right? Absolutely. Because there is no Supreme Court court statute. Let's roll to the next issue. Yes, Your Honor. The other judges may want to ask you about that. Yes, Your Honor. But I want to go to the next thing. He asserts that your officers lied and created facts to get his client both for the search warrant and for the arrest warrant. And he really is asking for a discovery. Tell me how should we handle that request? Again, I look at these requests for discovery under 56D and there really was nothing set forth in either the affidavit of Mr. Neal or his counsel as to what specific facts they intended to move forward with discovery with. Judge Bennett in reviewing the complaint found that they had not even come remotely close to the pleading threshold of the kind of reckless, callous falsity needed under a Delaware v. Franks search warrant analysis. So he deemed that issue as one almost of being secondary to the jurisdictional issue. And we fully agree. There is Let me ask this. You think that what was presented below didn't even come to the threshold that you would need to get additional time for discovery because what else do you think they could or should have said in those filings below? Your Honor, I do agree with the beginning that they did not meet the threshold of 56D. They needed to come forward under the Franks analysis with specific evidence of the falsity of the allegations made by the detectives in their affidavit. They failed to do that. No, but they said they didn't have discovery. They just said they're not telling the truth, but we just don't have the specifics of it. What do you say to that? What I say is that literally you would read Rule 56D out of existence if the plaintiff's burden were simply met by they didn't tell the truth. When you're dealing with issues of qualified immunity and these types of accusations against officers, far more specificity is required. They had the full panoply available to them in the criminal case, and yet the indictment wasn't attacked or dismissed because of the falsity of the affidavit of the allegations made under oath by the officers. It was dismissed on the hyper-technical point that they simply had not notified the sheriff. So they needed to provide to Judge Bennett in this case where the specific false allegations were in the affidavit. They failed to do that. And basically under Franks, with the facts that are undisputed in this record, even if you were to engage in that analysis and excise averments that were deemed false, there would still be more. But what is undisputed? The only thing that I know is undisputed is what I just walked counsel through. Does the record indicate anything else that's undisputed? No. What Judge Bennett simply decided was that based on the affidavit for the search warrant, the affidavits presented by the detectives in this case, that the plaintiffs had not raised any dispute as to those facts. So it was undisputed that they had contact with an informant. It was undisputed that Mr. Neal basically rented the trailer where drug transactions were taking place. It was undisputed that Ames and White told the informant that Neal was the one involved in the underlying Let me ask you this. If it's not disputed that at least a drug transaction under cover otherwise occurred at that trailer, would that be enough for a search warrant for that trailer? Yes. Now, if it's undisputed, taking my hypothetical, but I think it's proven out by the facts in this case and what your opposing counselor just said, if you take that it's undisputed that Mr. Neal rented the trailer, that he paid the rent for the trailer, does that establish probable cause to arrest him that there are drug transactions going on at his trailer? I think that would be arguable, a very close call. If I were the issuing judge for a search warrant, I would say that there was sufficient probable cause. If these transactions had been taking place over a reasonable period of time involving numerous individuals, and I think that's certainly reflected in the affidavit here, that you could almost presume constructive knowledge on the part of the individual who is known to live in, frequent, rent, and pay for the residence that there's sufficient probable cause. Again, even with Neal's basically self-serving denials of criminal liability, as far as the officer's civil liability, there was more than ample probable cause, and even if you stripped down the affidavit to that, the warrant was issued pursuant to a district court's determination of probable cause, and therefore no violation of the Fourth Amendment. I know that, but he claims that information given to the judicial officer was false. But do you see what I was trying to do? I was just trying to get to some least common denominator, which is the affidavit indicates I think, I know the record does, that investigators went to the owner of the trailer and said, who rents that trailer from you? And he said, Neal pays me $450 a month. It seems to me that is an objective fact that I've been focusing on, that you could go to, and you could have an affidavit from that guy, the landlord, I don't remember his name or her name, say they never contacted me. I never told anybody that. Or, even if you didn't do that, you could file an affidavit saying, I've talked to him and he did not talk to police. Now that looks like hearsay, but it could be reducible to admissibility. Something like that on a very objective fact would be something you could put in the record for the court. Yes, Your Honor, you're correct. And the identity of the informant was known. So she could have been approached by Neal and his counsel basically saying, did they have these discussions with you? Did they meet with you at this location? Did you provide them with this information? She answers, no. Now you're building and potentially have a Frank's case. We don't have anything remotely close to that type of Fourth Amendment claim in this case. Back to the jurisdictional issue, certainly as the court knows, we raise the defense of qualified immunity. Because interestingly, after all of these years, there really is no decision of the Supreme Court of this court, or really any other circuit, Ross versus Neff out of the Tenth Circuit aside, because that has been minimized by subsequent cases, that says a Fourth Amendment principle of probable cause or reasonableness is subverted by an officer's failure to comply with state law. No case. This case spoke to the issue in Street versus Sertica in 1974, a warrantless arrest. Other circuits that have spoken to the issue dealing with out of jurisdictional arrest, the vast majority hold that you simply cannot turn to state law to determine objective reasonableness under the Fourth Amendment. Otherwise you'd have 50 different versions of the Fourth Amendment. 50 different versions of what is reasonable under the Fourth Amendment. The officers in this case acted pursuant to warrant twice. The search warrant was executed by them in an adjacent political subdivision with the same mailing address and zip code as their political subdivision. And it was done in the presence of state police based in Somerset County who have jurisdiction throughout the entire state. The arrest warrant was issued pursuant to indictment. It was executed in Somerset County by deputy sheriffs of the Somerset County Sheriff's Office. So the technical violation here of justification in a statute that is designed to expand police jurisdiction not constrict but to expand. You're stuck with the fact in this case I think that they violated that statute. They did. You're stuck with that. The circuit court came to that conclusion because there was no dispute that they had not notified the sheriff. They believed that by notifying the deputy. I got that but I don't know why you're talking about that because you didn't appeal that. So you then that's the decision you're stuck with. It was a violation of that. I don't know why you're arguing about what that means that it was a close call and it was a technical violation. It was a violation. I think don't you have to argue on the other side that it just wasn't clearly established. Let me say this. This was a criminal prosecution involving the state of Maryland. I speak on behalf of the officers as defense counsel in their civil suit. If I had been in the circuit court I would have made the same arguments that the state made where I believe the distinction is and I think Judge Shedd you are absolutely right that simply because they violated state law and that was a ruling the state did not appeal doesn't mean that they violated the fourth amendment in no case at any level other than NEF out of the 10th circuit which again dealt with a state officer going into a federal jurisdiction not basically adjacent state political subdivisions. So certainly unclearly established along we have to win. We have to win because there is no case no case holding that state law is determinative of the reasonableness and probable cause standards under the fourth amendment. I'm a little concerned about the breadth of that formulation. Because qualified immunity is supposed to take place at the appropriate level of granularity and there's always debate about whether you're operating at a 50,000 foot level or 10,000 foot level. But isn't the question it would seem to me more focused on the extra jurisdictional nature of the problem here because I'm not sure I would be willing to say broadly that we have to get as far as any violation of a state regulation. Would you help me? Yes, the question comes down I think to one almost of historical origin. Does an extra territorial arrest at common law is that something that was deemed unlawful? Because the Supreme Court has said when we are trying to interpret the fourth amendment principle we always look to the historical antecedents of the fourth amendment. Was this something that was allowed at the time the fourth amendment became law? Certainly one argument would be... Isn't the answer to Judge Duncan's question that you don't need a rule so broad as to say no violation of state law but under these facts. That's what she's asking you as I understand it. Oh, absolutely. You're talking about common law in 1776 or something. We're just asking under these facts it wasn't established that makes qualified immunity. Oh, absolutely. When you're dealing with Do you think qualified immunity I'm asking, do you think qualified immunity on the jurisdictional issue and on the search warrant telling fictional tales? You asked for qualified immunity on both? No, and I see your point and I agree with you that qualified immunity on the jurisdictional issue is clear. The law concerning affidavits and reasonable and probable cause and the construction of Franks versus Delaware is clearly established. What I'm saying as to that second prong, there simply is insufficient evidence here of any Franks violation and even excising what even taking on their best day the appellants would say is false, there is still the skeletal outline of probable cause that justify the issuance of that warrant. That is not a qualified immunity determination. Only jurisdiction. So now you would agree that because you are foreclosing the state level on the jurisdictional question there's been no factual test of the probable cause question, correct? Correct. So you're still left with what is probable cause, and in this instance we hear summary judgment qualified immunity, all facts properly pled, all reasonable inferences are given to the non-moving party, correct? Correct. Now what fact do you say they conceded here? Oh, I think that we're talking not about allegations, but in their affidavits requesting discovery under 56D there is no evidentiary challenge to the fact that Mr. Neal rented this residence, that he paid for it. But this is not a conspiracy case, the arrest warrant was for possession with distributing drugs. Correct. This is not a conspiracy case, correct? No. Alright, so you're saying that because he rents, he has a lease hold for this property, that's enough for an arrest? You're not saying that, are you? No, Your Honor. I'm just going to make sure, so that fact is conceded that he rented. What else was conceded? What other fact? Your Honor, what I point out is... Stay on the facts now, because all reasonable inferences are drawn to their favor. Now go ahead. On allegations, yes. On Rule 56, summary judgment, no. We're not talking now about the inferences of fact from allegation. We're talking about the absence of material facts. Rule 56 is still factual questions. We don't have jurisdiction if there are still factual questions that are open and that are disputed. That's how in the Fourth Circuit we have, that's not we don't have jurisdiction to give you a summary, I mean, a qualified amendment. We try to follow what may be left. What fact is undisputed? So every fact, can you lose on all the disputed facts and still win? Because like counsel said, how many ways can you say it didn't happen? It didn't happen. You can say it five times, six times, but it still comes to I'm saying the woman didn't come to you and say that he set up drugs. That's the only way you can say it. How else would you say it? And I think Judge Shedd made this point earlier. If it was the plaintiff's purpose to do that, they had every opportunity to do that. They planned it. It's called a complaint. It's called a complaint. A complaint? Right. In other parts it's called trial. We try those things. What is a complaint? The complaint says it didn't happen, didn't it? There's something in the middle that's missing. Complaint and trial, summary judgment. All right, and the summary judgment, all facts have to be undisputed, material facts, that you as a matter of law win. And I'm saying that they're saying that that didn't happen. Their theory is that basically you know or you believe you, the government, that there was some nefarious history with this person. That's what they're saying. And you want a way to get into the house. Their theory is that, okay, we said, somebody said something about you, gets to the house, and then because you rented it, then we're going to say you did all these things. That's what they're saying. I'm not saying that's true or not, but that seems to be their theory. So, why are those not factual issues that are in dispute? They relate to probable cause. If that's true, wouldn't you agree, if that is true, that you can't get probable cause with a reasonable objective analysis if in fact you didn't have a person say that to you, and you did fabricate, as they say, and fictionalize this. Are you right? Yes. Okay. How do you then say that all those facts are resolved as a matter of law at this stage in your favor? Can we get back to Judge Shedd's point again? We proceeded under Rule 56. We laid all of our evidentiary facts out in the proper form. If they wanted to come forth and challenge those, that the information from the informant wasn't true, that the other statements, that Ames and White and the others allegedly made weren't true. Why don't we do it in the context of what happens at summary judgment? Because I think that's what you're getting to is materiality, first of all. The disputes have to be about material facts. Yes. And once a party puts summary judgment in play, the party resisting summary judgment is compelled to come forward with more than just speculation. Absolutely. It's a dangerous game in these types of civil rights cases where officers have qualified immunity defenses, to treat it like an auto case. And when we make a summary judgment record... You said auto case? Auto. What does that mean? It means that you simply cannot come into a federal court in the face of a properly supported summary judgment record and say, well, here are the allegations of our complaint. We need discovery. Where the circuit court generally is going to say, that's not a problem. Go ahead and proceed into discovery. These issues dealing immunity have to be resolved at the earliest stage of the litigation that they can. So we place the record before the court. If they really thought there was an issue as to the warrant, they had every opportunity to identify to the court, to Judge Bennett, the informant is going to say otherwise, Ames is going to say otherwise, White is going to say otherwise, and on and on. They didn't do that. And this court shouldn't be in the position of excusing what I will call dereliction of professional responsibility. We didn't neglect ours. But Judge Bennett certainly pointed out that the plaintiff below neglected theirs. We're entitled to summary judgment on the search warrant issue. And we're entitled to qualified immunity on the jurisdictional issue. I was wondering, if you don't get discovery, how can you have deposition to take depositions of adverse deposition? Because that's what it is. You really need adversarial depositions in a case like this. Because otherwise, you say, no, they didn't say that. Wait, you just can't walk up to somebody and say, hey, you know you didn't say that. I mean, that's what discovery is. You say, no, I'm going to put you under hope and say, is it true or not? I mean, that's the test. I took it all the way. How in the world would you ever be able to do that? You go out and find these people and you come here and make them say in an affidavit they told it wasn't true. But instead, that's what you have. You have an opportunity to say, I'm going to take a deposition. And I agree with Judge Duncan. That's what you normally have. Unlike Title VII, where you have a structural, what Allen Douglas thought of burden shifting. You say I was fired because of race or sex. And then they say, no, there's a neutral reason. Then the burden shifts back. But we don't have that in this context. And that's what discovery allows, that you agree. You fully had a chance. You haven't produced anybody through the power of the court to depose them. But here, you can't beat them across the head when you don't give them the tool and then come back and say, you know, there are no ferals in the field. But you never gave them the plow. Your Honor, in response, I would say this. I believe you're correct that ordinarily summary judgment pre-discovery is not something that all courts will engage in. I don't think you need to concede that. We've set out pretty clearly what summary judgment requires. It's not the Title VII burden shifting. But it is a burden shifting. The party opposing summary judgment has to come back with something. Here's our affidavit. Counter it. You had a criminal proceeding below. Interview the landlord. There are all sorts of ways it could have been done and nothing was done. And could have been done during the entire criminal process below if that kind of evidence was developed. In that case, it certainly wasn't brought forward. But given the lapse of time in our summary judgment record, they had every opportunity, every opportunity to do that and didn't do it. Instead saying basically simply read our pleading. Not good enough under Rule 56. And with all due respect, Judge Bennett is not one to get out in front of a case that's been before Judge Bennett 30 years. You don't need to vouch for Judge Bennett. He's a fine jurist and friend. You don't have to do that. It's not helpful anyway really. In my experience, he will not grant summary judgment unless you're entitled to. In my opinion, without a doubt. This is not a personality it's not a beauty pageant. Thank you. The rule of thumb and I think what the lower court said here was there is a structure in place. They have come forward with a record. You have an opportunity. You didn't take it. Now I have to make a determination based on that record. And that record shows there is no material dispute. No genuine dispute as to any material fact. And that as far as the other issue, there simply is no clearly established law deeming what the officers did violative of the Fourth Amendment.  Judge, do I still have time? I know I extended myself in the initial presentation, but assuming that I do, a few points that I'd like to address. First of all, we're looking at not just the search warrant, but rather the arrest itself. So according to appellant, you have the search warrant that yielded nothing. And then with the search warrant that yielded nothing, you have a subsequent arrest warrant. It would help me an awful lot if you would specify a disputed material fact. A disputed fact is to a material issue. If you could sort of focus a little. Yes, Your Honor. One of the central issues throughout the criminal case as far as it went was a telephone conversation in which one of the arresting officers testified that he heard through an independent third party's mobile phone the voice of Mr. Neal. And in that correspondence, Mr. Neal was allegedly brokering a drug transaction. What Mr. Neal has testified under oath is that he has not been trafficking or selling drugs in any way at any relevant time. And to go along that general path is, it's very very difficult, based on the facts that we have at our disposal or reasonably could get at the time this prediscovery motion was filed, to say that in any different way, that that simply was not me. I do not sell drugs. It could not have, it's a transitive. It could not have been me brokering the drug deal because I am not selling drugs. I'm living lawfully outside your municipal limits, bothering no one, doing nothing that should cause you to make that conclusion. We simply have requested, should anyone including the federal district court want more color to that story, the opportunity to take these gentlemen's depositions, get their statements under oath to learn what they were thinking, whether this happened or whether it did not. We had no opportunity to do so. Their experiences in this regard are in their exclusive possession. There's nothing that we could have done at the criminal case which was dismissed before trial. These gentlemen never testified under oath to this because they weren't allowed to because the case was dismissed. We had no deposition opportunities to ask them about this conversation because it wasn't afforded to us because summary judgment was granted prediscovery. So to say that somehow we could go out and get something that was in their exclusive possession the entire time prediscovery is simply not appropriate as it relates to this case. You're saying there are things you could have gone out and gotten but you're saying that the most damning evidence was beyond your reach because there was no discovery. We could have asked the landlord if $450 was paid as his honor indicated. We don't dispute that. Yeah, but there are other facts you could have gone into but I'm giving you that. You're saying that the things that were the most damaging to your client were beyond your ability to test at this stage. Your Honor, we would agree and say that those related to the individual named defendants, the officers that were in their exclusive possession that were so in the criminal case as indicated by my colleague ended very uniquely early in the ordinary state criminal court process. It isn't often that a motion to dismiss is granted in a criminal case. So you don't have the natural gestation cycle of testimony under oath which ordinarily would occur. But you said in your filings with the district court in opposition to summary judgment, this is filed by you, that this case deals primarily with the issues of intent and motives which are disputed. But intent and motive, a district judge looks at that and goes that has nothing to do with the Fourth Amendment violation. So why didn't that indicate to the judge that what you wanted to get information on just wasn't relevant? The response to that, Your Honor, I think is we testify that the facts are inaccurate, that it didn't happen. There are facts in exclusive possession of, at that time, defendants that relate to issues including their intent and motive in which we allege malice and we would ask for the opportunity to rebut any of that. No, no, no, but that doesn't matter. Intent and malice don't matter on a Fourth Amendment probable cause determination. And so when the court looks at that, you say that's what, and I did the same thing, I looked at it and I said he wants to talk about intent and motive. I get what your general view is that these officers made up a story about your guy, but that doesn't go to the question. Their motivations don't go to whether or not there was enough evidence presented so there's not a Fourth Amendment violation. And I completely agree with Your Honor that in the context of probable cause, the subjective intent is not appropriate to make that challenge, but I would also argue that it is appropriate to rebut any claims by defendants, the officers, that going outside of the jurisdictional boundaries was done so in good faith that had we had the opportunity to depose them. No, no, but that's subjective good faith. That's the objective officers, not these individual officers. That's what qualified immunity is, an objective officer, not these officers. So I don't see how it matters there either. Well, in response, as my colleague argued, you have boundary lines that may be something less than clear and you have boundary lines that are going to be afforded deference when considering whether or not that violation is grounds for a Fourth Amendment claim in federal court. If you could get into the issue of intent and motive, stating that boundary lines were known and unambiguous, yet they crossed them. Anyway, I think that's an effective rebuttal to that argument offered by my colleague that was ultimately accepted by the United States District Court. Thank you. Thank you, Your Honors. I do appreciate the line of questioning and your time. Thank you so much. We're going to ask the clerk to adjourn the court for today and then we'll come down and recount. This Honorable Court stands adjourned.
judges: Roger L. Gregory, Dennis W. Shedd, Allyson K. Duncan